IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02304-RTG
**(The above civil action number must appear on all future papers
 sent to the court in this action. Failure to include this number
 may delay the consideration of your claims.)**

ASUMAILA AMINU,

      Petitioner,

v.

JUAN BALTHAZAR, Warden, Aurora Detention Center,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
TODD BLANCHE, Acting Attorney General of the United States, and
MARKWAYNE MULLIN, Secretary of Homeland Security,

      Respondents.

---

## ORDER TO FILE SECOND AMENDED HABEAS APPLICATION

---

Petitioner Aminu Asumaila is a federal immigration detainee at the Aurora Detention Center in Aurora, Colorado. In response to the Court's order to amend, Petitioner has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 4).

The Court must construe the amended application liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file a second amended habeas application.

1

## BACKGROUND

On May 27, 2026, the Court ordered Petitioner to file an amended habeas application to cure three defects in his original pleading. (ECF No. 3). First, he had named the Director of ICE's Denver Field Office rather than his immediate custodian. (*Id.* at 2-3). Second, he had not identified a specific violation of federal law or pleaded facts supporting one, and the Court listed the background facts an amended application should supply to show that his current detention violated his rights. (*Id.* at 3-5). Third, he raised a conditions-of-confinement claim that is not cognizable in habeas. (*Id.* at 5-6).

Petitioner filed an amended § 2241 application on June 22, 2026. (ECF No. 4). It cures two of the three defects: he now names Juan Balthazar, Warden of the Aurora Detention Center, as respondent, and he has abandoned the conditions-of-confinement claim. (*See id.*). But he still has not pled a cognizable federal claim that complies with the Habeas Rules. Thus, the second defect remains.

The amended § 2241 application alleges only "unlawful and continuous detention" and refers the Court to a statement of claims, statement of facts, argument, and request for relief that Petitioner describes as attached but did not attach. (*Id.* at 2). Section F likewise refers to an attachment that is absent, leaving the application without any request for relief. (*Id.* at 4). The exhibits Petitioner did attach supply much of his immigration history, but they do not identify the legal claim he is asserting, and they leave unanswered several of the factual questions the Court's prior order to amend identified as lacking: when his current period of custody began, the circumstances of his

bond revocation, whether an immigration judge has ever held an individualized bond hearing, and the facts bearing on his ties to the community. Petitioner will therefore be ordered to file a second amended application addressing these matters.

## PLEADING ISSUES

Petitioner's application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The exhibits that Petitioner does attach to the amended § 2241 application

supply Petitioner's immigration history, but they do not tell the Court what Petitioner claims is wrong with his current detention. Several distinct claims are possible. Petitioner may contend that the length of his detention has become unreasonable under the Due Process Clause. He may contend that the Department of Homeland Security revoked his bond without adequate process. He may contend that he is entitled to a new custody hearing. Each of these is a different claim, governed by different law, and Petitioner must say which claims he is raising.

Facts to support a claim are also missing. For example, the amended application does not include the following factual allegations: the date Petitioner's current period of immigration custody began, whether he was ever released after the January 2025 bond determination; the date the bond was revoked and the reason given; whether an immigration judge has ever conducted an individualized bond hearing, and if so, when and with what result; whether Petitioner has sought a custody redetermination since asylum was granted in October 2025; and the facts bearing on his ties to the United States, including family members here, employment history, and where he would live if released. The Court cannot construct arguments for him. *See Garrett*, 425 F.3d at 840.

In the second amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. The second amended habeas corpus application should include these background facts so the Court can determine whether a response from the government is warranted. Petitioner must therefore file a second amended habeas application that clearly pleads a

cognizable federal claim.

## CONCLUSION

Accordingly, it is

ORDERED that Petitioner shall have thirty (30) days from the date of this order to file a second amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on a court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file a second amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED July 29, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge