IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02304-PAB

ASUMAILA AMINU,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Detention Center,
GEORGE VALDEZ, ICE Field Office Director,
MARKWAYNE MULLLIN, Secretary DHS,
DAVID J. VENTURELLA, Acting Director of U.S. ICE, and
TODD BLANCHE, Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Asumaila Aminu's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 7] and Motion for a Temporary Restraining Order and/or Preliminary Injunctive Order [Docket No 6]. Respondents have filed a response. Docket No. 12.

## I. BACKGROUND[1]

Petitioner is a citizen of Ghana. Docket No. 7-1 at 2. Petitioner entered the United States near San Diego, California on August 27, 2024, where he was arrested and transferred to the Aurora Contract Detention Center. *Id.* Petitioner has been detained at the Aurora Contract Detention Center since he was first transferred there over two years ago. *Id.* On December 9, 2024, petitioner filed an application for

[1] The following facts are undisputed unless otherwise noted.

asylum. *Id.* at 3. On October 15, 2025, petitioner was granted asylum, which the Department of Homeland Security ("DHS") has appealed. *Id.* at 2. On January 27, 2025, petitioner was issued bond in the amount of $10,000. *Id.* at 3. While petitioner was making arrangements to post the bond, DHS "revoked the bond" and decided to keep petitioner detained. *Id.*

On May 26, 2026, petitioner filed a petition for a writ of habeas corpus. Docket No. 1. Magistrate Judge Richard T. Gurley ordered petitioner to file an amended habeas petition, Docket No. 3, which petitioner did on June 22, 2026. Docket No. 4. Judge Gurley again ordered petitioner to file an amended habeas petition, Docket No. 5, which petitioner did on August 20, 2026. Docket No. 7. The August 20, 2026 habeas petition is the operative petition and brings a claim that respondents have violated petitioner's due process rights under the Fifth Amendment. *Id.* at 2. On the same day he filed the operative habeas petition, petitioner filed a motion for a temporary restraining order, seeking the same relief as his habeas petition. Docket No. 6. On September 23, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition." Docket No. 12 at 1.

## II. ANALYSIS

Petitioner argues that respondents have violated his due process rights by revoking the bond he was granted. Docket No. 7 at 2. Petitioner does not state the mechanism through which DHS revoked his bond. However, the Court notes that DHS may appeal a bond determination to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.19(f). The automatic stay provision at 8 C.F.R. § 1003.19(i)(2) states that:

> In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be

> stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR–43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board. The decision whether or not to file Form EOIR–43 is subject to the discretion of the Secretary.

8 C.F.R. § 1003.19(i)(2). By not submitting a brief in opposition to the petition, respondents have not clarified the manner in which petitioner's bond was revoked. The Court finds that, when petitioner states that his bond was "revoked," he is likely referring to the automatic stay provision. *See M.P.L. v. Arteta*, 2025 WL 3288354, at *7 (S.D.N.Y. Nov. 25, 2025) ("the sheer volume of decisions on [the automatic stay provision] in the last six months make clear that the automatic stay provision is now relied upon regularly by DHS.") (citation omitted). In any event, the Court finds that the same due process analysis applies regardless of whether petitioner's bond was stayed through the automatic stay provision or revoked through some other means.

This case mirrors *Merchan-Pacheo v. Noem*, No. 25-cv-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026), a case analyzing whether the use of the automatic stay provision violated the petitioner's due process rights. In *Merchan-Pacheo*, 2026 WL 88526, at *8, the court noted "the plethora of cases applying the *Mathews* factors in substantively similar or identical contexts and evaluate[d] whether Petitioner's continued detention [was] justified pursuant to those factors." The Court will follow the weight of authority and analyze petitioner's due process claim under the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Under *Mathews*, courts weigh the following three factors in evaluating due process claims: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and

the probative value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The interest in being free from physical detention "is the most elemental of liberty interests." *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that freedom from physical restraint "lies at the heart of the liberty that [the Due Process] Clause protects."). Yet, petitioner has been in physical detention for over two years, despite not having been accused of any crime. Thus, the first *Mathews* factor weighs in favor in petitioner. *See Merchan-Pacheo*, 2026 WL 88526, at *14 (finding that the first *Mathews* factor weighed in favor of petitioner after the invocation of the automatic stay provision); *Rivas v. Baltazar*, No. 26-cv-00442-SKC, 2026 WL 444732, at *3 (D. Colo. Feb. 17, 2026) (same).

Second, there is a high risk of erroneous deprivation of petitioner's liberty interest. "The risk of deprivation is high because the only individuals subject to the automatic stay are those who, by definition, prevailed at their bond hearing." *Merchan-Pacheo*, 2026 WL 88526, at *15 (citation and internal quotations omitted). Here, an immigration judge determined that petitioner was not a significant flight risk or danger to the community, and granted bond in the amount of $10,000. However, the automatic stay provision allows DHS to unilaterally stay the bond determination, despite not requiring "DHS to consider or demonstrate any individualized facts or show a likelihood

of success on the merits." *Merchan-Pacheo*, 2026 WL 88526, at *15 (citing 8 C.F.R. § 1003.19(i)(2)). Accordingly, the second *Mathews* factor weighs in favor of petitioner.

Finally, the Court finds that, while respondents have an interest in enforcing immigration laws, an immigration judge has already determined that a $10,000 bond would effectively ameliorate any flight risk posed by petitioner. As one court in this district noted, "this automatic stay is being applied only to those individuals 'who an Immigration Judge has determined [*do*] *not pose a public safety threat or a risk of flight* sufficient to warrant continued confinement.'" *Rivas*, 2026 WL 444732, at *4 (quoting *Merchan-Pacheo*, 2026 WL 88526, at *16). Thus, the third *Mathews* factor weighs in favor of petitioner. Accordingly, each *Mathews* factor weighs in favor of petitioner, and the Court finds that petitioner's continued custody violates his due process rights. Notably, this finding follows the weight of authority, since "[a]t least 50 district court decisions across the United States . . . have found that DHS's application of the automatic stay pursuant to 8 C.F.R. § 1003.19(i)(2) violates a non-citizen's due process under the Fifth Amendment." *M.P.L.*, 2025 WL 3288354, at *7 (collecting cases). Because the motion for a temporary restraining order seeks identical relief as the habeas petition, the Court will deny that motion as moot.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Asumaila Aminu's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 7] is **GRANTED**. It is further

**ORDERED** that the Motion for a Temporary Restraining Order and/or Preliminary Injunctive Order [Docket No 6] is **DENIED as moot**. It is further

**ORDERED** that, upon petitioner posting the $10,000 bond set by the immigration judge, respondents shall immediately release petitioner from custody. It is further

**ORDERED** that, on or before **October 2, 2026**, the parties shall file a status report informing the Court whether bond was posted and whether petitioner remains in custody.

DATED September 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge